IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMAL SHEHADEH, # S-10300, ) <br> ) <br>           Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> C/O JEFFORDS, ) <br> JOHN DOE CORRECTIONAL OFFICER, ) <br> and JANE DOE CORRECTIONAL ) <br> OFFICER, ) <br> ) <br>           Defendants. ) | Case No. 14-cv-1032-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On September 25, 2014, Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, while he was an inmate at the Centralia Correctional Center ("Centralia"). His claims arose from events that occurred while he was previously imprisoned at Shawnee Correctional Center ("Shawnee"). Specifically, he claims that he was beaten by correctional officers at Shawnee in retaliation for his successful challenge to a prison disciplinary charge. On October 3, 2014, soon after he filed the action, Plaintiff was released from prison (Docs. 5, 6).[1]

**The Complaint**

In lieu of a statement of claim, Plaintiff attaches and incorporates a prison grievance form

---

[1] Because Plaintiff was still incarcerated at the time he filed suit, the fee payment and other provisions of the Prison Litigation Reform Act ("PLRA") apply to him. *See Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998) (determination of whether a plaintiff is a "prisoner" – and thus subject to the application of the PLRA – must be made as of the time the lawsuit is filed) (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)); 28 U.S.C. § 1915(h).

dated September 11, 2014[2] (Doc. 1, pp. 7-8). He states that on July 18, 2014, while he was in segregation, he asked Defendant Jeffords and the John Doe Officer to summon a mental health counselor for him. They refused to get any help for Plaintiff, despite his repeated demands over several hours. Plaintiff has a "documented mental health history" (Doc. 1, p. 7). Later, the two officers dragged Plaintiff by his shirt to a holding cell, where they dropped him on the floor and began to kick and beat him on his legs, abdomen, and back. While Plaintiff lay face-down, the John Doe Officer placed handcuffs on Plaintiff's wrists behind his back, then stepped on the cuffs to force them on as tightly as possible, cutting off Plaintiff's circulation. Defendant Jeffords stepped on the side of Plaintiff's face and head, placing his weight on Plaintiff while the other Defendant pulled Plaintiff's hands up and away from his body. They would not stop this torture until Plaintiff agreed to cease requesting mental health assistance. The officers then carried Plaintiff back to his cell, dropped him on the floor, and kicked him in the ribs and head before removing his cuffs. Plaintiff was bleeding and in severe pain. The other Unknown Defendant (the Jane Doe Correctional Officer) observed the beating from her station in the segregation control room, yet did nothing to intervene.

Plaintiff reported the incident in writing to the mental health supervisor. On July 21, 2014, he was released from segregation and his disciplinary ticket was expunged (Doc. 1, p. 8). Plaintiff asserts that the whole incident was an act of retaliation against him, engineered by several other officers who are not named as Defendants in this lawsuit (Swalls, Lanarter, Quigley, Robinson, Henderson, and Hamilton), in response to Plaintiff's successful challenge of a disciplinary report that had been the basis for his confinement in segregation (Doc. 1, p. 8).

---

[2] The recency of this grievance strongly suggests that Plaintiff may not have completed the process to exhaust his administrative remedies within the prison grievance system before filing this suit, as prisoners are required to do. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The exhaustion requirement applies to Plaintiff even though he is now a free man, because he brought this action while he was a prisoner.

Assistant Warden Hilliard overturned that disciplinary action, but a week after he retired, the officers named above reinstated the charges and found Plaintiff guilty without any hearing. He was punished with two months in segregation and lost two months of good conduct credits.

Plaintiff requests a declaratory judgment and damages (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action, which shall receive further review:

> **Count 1:** Eighth Amendment claim against Defendant Jeffords and the John Doe Correctional Officer Defendant for using excessive force against Plaintiff, and against the Jane Doe Correctional Officer Defendant for failing to intervene to stop the excessive use of force;
>
> **Count 2:** Retaliation claim against Defendant Jeffords and the John Doe Correctional Officer Defendant, for assaulting and beating Plaintiff because he exercised his right to challenge the disciplinary action against him.

**Count 1 – Excessive Force**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The complaint has adequately pled these factors.

In addition, an officer who witnesses the improper use of force against a prisoner can be found equally liable under the Eighth Amendment. *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972) ("one who is given the badge of authority . . . may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge"); *see also Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (collected cases); *Archie v. City of Racine*, 826 F.2d 480, 491 (7th Cir. 1987). Plaintiff may thus proceed with Count 1 against each Defendant, provided he succeeds in identifying the Unknown Officers through discovery.

As pled, however, the complaint does not state an actionable claim for deliberate indifference to Plaintiff's mental health or medical needs in reference to the events leading up to the beating or following it. He gives no information about his mental health condition, so the Court cannot evaluate whether he suffered from an objectively serious illness. Nor does the pleading suggest that Defendants were aware that Plaintiff faced a significant risk of harm from his mental condition, yet were deliberately indifferent to his need for assistance. Likewise, Plaintiff does not state whether he requested or was given any medical treatment for his physical injuries following the beating. Therefore, any claim for deliberate indifference to Plaintiff's medical or mental health needs is dismissed without prejudice at this time.

**Count 2 - Retaliation**

Plaintiff's factual statement on the sequence of events involving the dismissal and reinstatement of the disciplinary charges, in relation to his claim that the beating was an act of retaliation, is somewhat confusing. Nonetheless, it would be inappropriate to dismiss the retaliation claim at this early stage. Prison officials may not retaliate against inmates for filing

grievances or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the protected activity and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* Thus, assuming that the beating occurred after Plaintiff challenged his initial placement in disciplinary segregation, he has stated a retaliation claim that survives § 1915A review.

**Litigation History**

In preparing his pleading, Plaintiff used the Court's standard civil rights complaint form, which requires a prisoner to disclose information on any previous lawsuits he has brought in state or federal court relating to his imprisonment (Doc. 1, p. 3). Plaintiff listed only one action, *Shehadeh v. Cox*, Case No. 10-cv-985-GPM (S.D. Ill., filed Dec. 6, 2010, and voluntarily dismissed on Dec. 2, 2013). A review of electronic court records, however, discloses that Plaintiff in fact has filed four other lawsuits that he failed to mention. He has two other pending cases in the Central District of Illinois,[3] and he recently brought one other case which he voluntarily dismissed a month after it was filed.[4] Further, he had yet another case dismissed by the court for failure to state a claim upon which relief may be granted, earning him one "strike"

---

[3] *Shehadeh v. Godinez, et al.*, Case No. 13-cv-3103 (C.D. Ill., filed April 18, 2013); and *Shehadeh v.Quinn, et al.*, Case No. 13-cv-3131 (C.D. Ill., filed May 7, 2013). The Court has consulted the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) to verify Plaintiff's litigation history. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

[4] *Shehadeh v.City of Taylorville, et al.*, Case No. 14-cv-3253 (C.D. Ill., filed Aug. 18, 2014, and voluntarily dismissed Sept. 18, 2014).

within the meaning of 28 U.S.C. § 1915(g).[5] Plaintiff did not include any of this recent litigation history in response to the directions on the complaint form (Doc. 1, p. 3).

The Court relies on a party's litigation history listed in his or her complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g), thus there is a need for reliable information about a prisoner's prior litigation. As a result, where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal).

At this time, the Court does not find it appropriate to dismiss this action. But Plaintiff is warned that the Court will not tolerate further noncompliance such as this. Additionally, if Plaintiff files a future lawsuit in this Court while he is a prisoner without fully disclosing his litigation history, the action will be subject to dismissal.

**Pending Motion**

The motion for service of process at government expense (Doc. 3) is **GRANTED in part and DENIED in part.** Service shall be ordered below on Defendant Jeffords, but service shall not be ordered on the Unknown Defendants until such time as Plaintiff identifies them by name in an amended complaint.

---

[5] *Shehadeh v. Bender*, Case No. 13-cv-3088 (C.D. Ill., dismissed June 3, 2013, for failure to state a claim).

**Disposition**

Counts 1 (excessive force) and 2 (retaliation) will be allowed to proceed; any claim for deliberate indifference to a serious medical need is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant **JEFFORDS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John/Jane Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

If a Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on

which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 20, 2014**

_____
NANCY J. ROSENSTENGEL
United States District Judge